706 So.2d 397 (1998)
COCOA ACADEMY FOR AEROSPACE TECHNOLOGY, Appellant,
v.
SCHOOL BOARD OF BREVARD COUNTY, FLORIDA, Appellee.
No. 97-1758.
District Court of Appeal of Florida, Fifth District.
February 20, 1998.
*398 Robert J. Boyd of Boyd Law Firm, P.A., Tallahassee, for Appellant.
Harold T. Bistline and Patricia K. Olney of Stromire, Bistline, Miniclier, McDermott & Griffith, Cocoa, for Appellee.
PER CURIAM.
The proceeding before this court is an attempt to appeal a decision by the School Board of Brevard County, Florida, ("School Board"), denying an application to form a charter school pursuant to section 228.056, Florida Statutes (Supp.1996). We dismiss the action.
In order to supplement the educational opportunities of children, the legislature, in 1996, authorized the creation of charter schools. Ch. 96-186, § 1, Laws of Fla. The statute, codified at section 228.056, allows for both the creation of new charter schools and the conversion of existing public schools to charter status. Subsection 228.056(3), Florida Statutes (Supp.1996), provides as follows:
(3) PROPOSAL.A proposal for a new charter school may be made by an individual, teachers, parents, a group of individuals, or a legal entity organized under the laws of this state. The principal, teachers, parents, and/or the school advisory council at an existing public school shall submit any proposal for converting the school to a charter school.
The proposal or application in the instant proceeding was not made by the persons described in section 228.056(3). Instead, the proceedings before the School Board were initiated when an unsigned document was submitted to it that described the applicant as the "Cocoa Academy for Aerospace Technology" (CAAT). We learned from the candid admission of the attorney conducting this appeal that CAAT is not a legal entity, but is simply the name of a program initiated in 1993 at Cocoa Beach High School pursuant to section 233.068, Florida Statutes (1993). The program was funded by the legislature to provide job-related vocational instruction and the special funds appropriated for the program were administered by the School Board. The School Board provided a teaching staff and facilities at Cocoa Beach High School to conduct the program. No separate entity was formed to administer the program. Although the program was referred to as the Cocoa Academy for Aerospace Technology, it neither became an agency of the State of Florida nor otherwise a legally recognizable entity.
It is a basic premise that unless an in rem proceeding is before the court, a cause of action must be conducted by or opposed by a "person" recognized under the laws of this state. Generally, this person has the capacity to sue and be sued. In the instant matter, only one party, the appellee, School Board, is visible to this court, and Cocoa Academy of Aerospace Technology, although designated as the appellant, is not.
The proceeding is, accordingly, dismissed.
DISMISSED.
DAUKSCH, W. SHARP and PETERSON, JJ., concur.