826 So.2d 364 (2002)
BERKLEY ELEMENTARY SCHOOL ADVISORY COUNCIL, Appellant,
v.
SCHOOL BOARD OF POLK COUNTY, Florida, Appellee.
No. 2D01-1596.
District Court of Appeal of Florida, Second District.
May 17, 2002.
Rafael J. Echemendia of Law Offices of Allen & Echemendia, P.A., Lakeland, for Appellant.
C. Wesley Bridges, II, General Counsel, School Board of Polk County, Bartow, for Appellee.

ORDER GRANTING MOTION TO DISMISS APPEAL
ALTENBERND, Judge.
The appellee, the School Board of Polk County (the School Board), has filed a *365 motion to dismiss this appeal on the ground that the appellant, Berkley Elementary School Advisory Council (SAC), lacks standing to pursue this appeal because it was never a party to the proceedings below.
In its response to the motion to dismiss, SAC explained to this court that Principal Randy Borland had pursued the proceedings below on behalf of SAC and that he continues to be the driving force behind the charter application as a member of SAC. In this explanation, SAC insisted that under current case law, it was the proper party to bring an appeal, because an appeal cannot be brought on behalf of the application itself as determined in Co-coa Academy for Aerospace Technology v. School Board, 706 So.2d 397 (Fla. 5th DCA 1998). The sole argument raised by SAC in support of its standing to pursue the appeal is that under section 228.056(3), Florida Statutes (2001), SAC is a proper party to bring the appeal because it is a legal entity. However, that statement merely begs the question of whether SAC is a legal entity and, thus, a proper party under the statute.
This court ordered SAC to inform this court whether SAC was an entity that was legally organized under the laws of this state. In its pertinent part, section 228.056 provides:
(3) APPLICATION; UNLAWFUL REPRISAL.
(a)1. An application for a new charter school may be made by an individual, teachers, parents, a group of individuals, a municipality, or a legal entity organized under the laws of this state.
In its supplemental response, SAC contended that because it was created under the auspices of section 229.58(1)(a), Florida Statutes (2001), it is a legal entity. Section 229.58 mandates that school boards establish an advisory council for each school within its district. Within this response, SAC explained that this statute also speaks to the constituency of a school advisory council and that the School Board has published and distributed a pamphlet informing the schools of the requirement of forming such a school advisory council.
This court reluctantly concludes that a school advisory council is merely a voluntary association. SAC is not a legal entity for purposes of filing an application under section 229.58; therefore, it cannot pursue an appeal in this matter as though it had been the applicant. Under these circumstances, an appeal would need to be brought by one or more named individuals who are members of SAC.
We gave SAC an opportunity to move to amend its notice of appeal to include any individual or group of individuals it believed had standing to contest the lower tribunal's order, and it declined our invitation. On that basis, the School Board's motion to dismiss this appeal is granted.
WHATLEY and SALCINES, JJ., Concur.